

# THE ATTORNEY GENERAL
# OF TEXAS

**Gerald C. Mann**
~~ASSISTANT ATTORNEY~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 31, 1939

Honorable L. D. Ratliff, Jr.
County Attorney
Dickens County
Spur, Texas

Dear Sir:

Opinion No. O-838
Re: Qualifications of a person
eligible to the office of trustee
of a consolidated common school
district. Construction of Arti-
cle 2745 and 2808, Revised Civil
Statutes of Texas.

We acknowledge receipt of your request of May 17, 1939,
regarding an opinion as to the qualifications of a person eligible
to the office of trustee of a consolidated common school district.

And we quote herewith your letter at length:

"I have been requested to secure an opinion
from your Department concerning the construction of
Articles which a person must possess in order to be
eligible to the office of trustee of a consolidated
common school district, particularly with reference
to the question as to whether or not such person must
be a qualified voter in the sense that he must have
paid his poll tax.

"Article 2745 has reference to the qualifications
of a person in order that he may be eligible to the
office of trustee of a common school district and pro-
vides, among other things, that he must be 'otherwise a
qualified voter in the sense that he must have paid his
qualified voter.' It is my understanding that the Attor-
ney General in the year 1936 ruled that such provision
required that such person must have paid his poll tax in
order to be eligible to the office. Article 2808 has re-
ference to the qualifications of a person who is elected
trustee for a consolidated common school district, and
no where in said article is there any mention that such
person must be a qualified voter or words of like import,
and such article makes no reference to Article 2745.

"It is my opinion that under the provisions of
Article 2808 a person does not have to have a poll tax
in order to be qualified for the office of trustee of a
consolidated common school district operating thereunder,
and I have so advised the County School Superintendent.
I understand, however, that he has been advised by some
~~member of the State Department of Education that such~~

trustees are also governed by the provisions of Article 2745, and that such person must have paid his poll tax in order to be eligible for the office.

"I have been unable to find any decision of the courts on this question, and I therefore submit the same to you for opinion. I do this out of respect for the opinion of the official concerned in the State Department, and because of the fact that his opinion and my opinion are opposite views."

And we further acknowledge receipt of your letter of May 25, 1939, in response to our further inquiry, which letter states, "you are advised that the school district involved was not set up under Article 2742b, Section 5a et seq of the Revised Civil Statutes of Texas, 1925."

In answer thereto, this is to advise that Section 67, Senate Bill 218, Regular Session of the Legislature in 1905, in providing for the qualifications of common school district trustees, states:

"On the first day of April of each year the qualified voters of each school district meeting for that purpose shall elect three trustees for said district, who shall enter upon the discharge of their duties on the first day of May next following."

At the Second Called Session of the 41st Legislature by House Bill 9 as found in Chapter 2, page 3, amended Articles 2745 and 2747, Revised Statutes, pertaining to the office of trustees in common school districts and provided for the filling of vacancies, and repealed all laws in conflict therewith, which law is now in effect and is in part as follows:

"No person shall be qualified as trustees unless he is a property taxpayer in said district to which he is elected and otherwise a qualified voter in said district."

Thus it can be seen that the Legislature specifically intended to make certain requisite qualifications mandatory and necessary before a person could qualify as a common school district trustee.

In an act by the Legislature of 1919, House Bill No. 148, Chapter 65, with regard to consolidation of common school districts, etc., the second paragraph of Section 4 of said bill provides:

"No person shall be eligible to serve as school trustee who is unable to read and write the English Language understandingly and who has not been a resident of the state one year and of the district six months prior to the election for trustee."

Therefore, it can be seen that the Legislature, while the qualifications of that of a common school district trustee were covered by the 1905 Act, specifically provided for other qualifications for a consolidated common school district trustee.

In 1929 at the Fifth Called Session of the 41st Legislature, Senate Bill No. 30, Chapter 66, page 212, the qualification of the common consolidated district trustee is as follows:

"No person shall be a trustee who cannot read and write the English language understandingly, and who has not been a resident of this State one year and of the district six months prior to his appointment or election."

This last act was passed by the same 41st Legislature after they had theretofore enacted House Bill 9, Chapter 2, page 3, 2nd Called Session, hereinabove referred to, requiring a person to be otherwise a qualified voter in order to be common school district trustee.

We, therefore, hold that the statute now in effect covering the sole qualification of a common consolidated school trustee is set out in Article 2808 of the Revised Civil Statutes of Texas, which qualification and requirement is as follows:

"No person shall be a trustee who cannot read and write the English language understandingly and who has not been a resident of this State one year and of the district six months prior to his appointment or election."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Geo. S. Berry
Geo. S. Berry
Assistant

GSB:N:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY R.W.F., Chairman